**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON**


**JASON LOREL MINTER,**

      **Movant,**

**v.**                                    **CASE NO. 3:03-cr-00253**
                                          **CASE NO. 3:06-cv-01014**

**UNITED STATES OF AMERICA,**

      **Respondent.**


<u>**PROPOSED FINDINGS AND RECOMMENDATION**</u>

Pending before the court is Movant's Motion to Vacate, Set Aside and Correct Sentence pursuant to 28 U.S.C. § 2255 (docket # 133, "Motion"), and his Motion for Discovery (# 135). The Motion for Discovery will be addressed in a separate document. By Order entered August 25, 2010 (# 157), this action was referred to the undersigned for submission of proposed findings and recommendation for disposition.

Movant, Jason Lorel Minter ("Defendant"), is serving a sentence of 30 years, upon his conviction by a jury of possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i), and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), to be followed by a five-year term of supervised release. (Judgment

in a Criminal Case entered November 29, 2005, # 124.)  He was also sentenced to pay a fine of $5,000 and an assessment of $300.[1]  Id. His direct appeal was unsuccessful, except that his sentence was vacated and remanded because it was imposed when the Guidelines were mandatory.  United States v. Minter, No. 04-4628, 2004 WL 2172040 (4th Cir. Sept. 8, 2005), cert. denied, 546 U.S. 1139 (2006).

The § 2255 Motion was filed with the Clerk on December 4, 2006.  Accordingly, Defendant's Motion was timely filed.  The Motion was prepared and signed by Defendant's father, Robert Minter, Sr.  (# 133, at 11.)  On December 19, 2006, Defendant filed a sworn declaration granting power of attorney to Robert Minter to prepare Defendant's § 2255 Motion and to sign Defendant's name to it (# 141).  Rule 2(b)(5) of the Rules Governing § 2255 Proceedings permits filing of a § 2255 motion "by a person authorized to sign it for the movant."  At the court's direction, the United States filed a response (# 144).

Facts of the Case and Procedural History

The facts are set forth in Defendant's presentence report ("PSR").  It states that on October 12, 2003, two Huntington, West Virginia police officers on patrol observed two males sitting in a vehicle.  (PSR, ¶ 10, at 4.)  As the officers drove by, they smelled burning marijuana; as they drove by again, they saw one of

---

[1]   Defendant's original Judgment, entered July 30, 2004, # 93 was the same.

the men exit the vehicle and urinate in public.  Id.  The officers
approached the vehicle and observed a bag of marijuana in plain
view on the console.  Id.  When Defendant was patted down, the
police found more than 21 grams of crack cocaine in his jacket
pocket, and a .38 caliber Smith & Wesson revolver under Defendant's
seat.  Id. at 4-5.  Defendant had $321.00 in cash; the other male,
Defendant's brother, had $2,182.00 in cash.  Id. ¶ 11, at 5.
Defendant was previously convicted in 1998 of aggravated battery of
a police officer, a third degree felony, in McHenry County,
Illinois Circuit Court, and in 1999 of aggravated robbery in Kane
County, Illinois Circuit Court.

The grand jury indicted Defendant on November 13, 2003 (# 13).
He was detained pretrial.  (# 11.)  Defendant's trial took place on
January 27-28, 2004.

Grounds for Relief and Positions of the Parties

Defendant raises the following grounds for relief:

Ground one: FIFTH AMENDMENT RIGHT TO DUE PROCESS AND
SIXTH AMENDMENT RIGHT TO FAIR TRIAL VIOLATED DURING VOIR
DIRE WHEN JURY LIED TO COURT ABOUT PAST EMPLOYMENT.
The Court asked potential jurors whether any had ever
worked for a law enforcement agency.  James West failed
to disclose that he had worked for the Huntington Police
Department.  Mr. West was then admitted as a juror and
elected foreman.  He is a salesman by trade.  A hearing
was held on 1/29/2004 after information of Mr. West's
past employment came out.  Mr. West admitted working for
the Huntington P.D. and claimed a faulty memory.  His
explanation was inadequate and court should have held
that it was more likely that Mr. West intentionally
deceived the Court as it is unlikely that anyone would
forget working for a police agency.  Secondly, Court
should have given greater weight to fact that Mr. West is

3

a salesman and as such has experience in persuading others. I would have used challenge to remove him [from] my jury had he revealed his past employment with Huntington P.D.

Ground two: FIFTH AMENDMENT VIOLATION OF DUE PROCESS OF LAW AND SIXTH AMENDMENT VIOLATION OF RIGHT TO JURY DETERMINATION OF PUNISHABLE OFFENSE ELEMENTS.
My jury was required to find five or more grams of cocaine base, as charged in the indictment. At sentencing, I was "held to answer" for over 200 grams of cocaine base. Additionally, my sentence was en[]hanced as a "career offender" but without the procedural safeguards announced by the Supreme Court in Shepard v. United States, 125 S. Ct. 1254 (2005), which raised quest[ion] whether prior convictions should also be found by jury. I believe my sentence of 360 months for the crime I was adjudged guilty of was "unreasonable" under the provision of 18 U.S.C. § 3553(a). I further question whether this Court had subject matter jurisdiction to sentence me as a career offender based on my past criminal history.

On appeal, counsel raised a claim under Booker/Fanfan but not to the extent of all of the concerns I raise under Ground Two. I claim a Blakely violation, a Shepard violation, and a lack of subject matter jurisdiction to reach a 300 month sentence on the drug violation, alone. Furthermore, even if the Court had subject matter jurisdiction to impose a 300 month sentence on the drug amount, I contend such a sentence is unreasonable for the drugs the Grand Jury charged me with possessing with intent to distribute.

Ground three: FIFTH AMENDMENT VIOLATION OF DUE PROCESS AND SIXTH AMENDMENT VIOLATION - RIGHT TO TRIAL.
This claim involves misconduct on part of investigating agents who coerced Samantha Lewis to falsify drug[] amounts against me and against her will. To prove this claim will require discovery/interrogatory or deposition.

Ground four: VIOLATION OF SIXTH AMENDMENT RIGHT TO COUNSEL.
Upon resentencing, my counsel persuaded me to waive my right to file a direct appeal in spite of the fact that I am serving such a long sentence and have non-frivolous issues upon which to challenge my sentence. I would have filed a direct appeal, if not for my counsel's advice to

4

waive same.  I do not know the law, and I depended
entirely on my counsel for advice on what to do regarding
every aspect of the charges and proceedings.  I believe
counsel's advice not to file a direct appeal was very
terrible advice for a man in my shoes.  I believe that
there is a legal basis upon which I could have challenged
my conviction, also, but for counsel's egregious advi[c]e
to waive my direct appeal after resentencing.

(Motion, # 133, at 3-7.)

The United States contends that Defendant's second ground for
relief was raised in his original direct appeal and may not be
relitigated in his § 2255 Motion.  (Response, # 144, at 5.)  With
respect to his first and third grounds for relief, the United
States argues that his failure to take a direct appeal constituted
a waiver of all substantive, nonconstitutional claims for relief
and his failure to show "cause" and "actual prejudice" eliminates
review of his constitutional claims.  Id.  As to Defendant's fourth
ground for relief, the government points out that Defendant does
not allege that he asked his attorney to file an appeal and the
lawyer failed to do so.  Id. at 7.

## ANALYSIS

### First and Third Grounds for Relief

Defendant's first claim, relating to juror West, was litigated
in the context of a motion for new trial (# 61), but it was not
raised on appeal.  On the day after the jury returned its guilty
verdicts, Judge Chambers conducted a hearing at which juror West
was called to testify (# 59).  During the hearing it was revealed
that juror West was employed by the City of Huntington as a "crime

5

prevention specialist," 30 years ago, for a period of only three or four months. (Order denying motion for new trial, entered March 8, 2004, # 72, at 1.) His employment was funded by a city grant, and he did not report to any police officers. Id. His duties, despite his title, were to engage in clerical record keeping. Id. at 2. Juror West denied having any bias toward law enforcement. Id. Judge Chambers denied the motion for new trial, concluding that juror West's presence on the jury did not provide a basis to vacate Defendant's conviction. Id.

Defendant's third claim, relating to Samantha Lewis, Defendant's ex-girlfriend, was not raised on appeal. When Ms. Lewis appeared to testify, Judge Chambers advised her of her privilege against self-incrimination. (Tr. Trial, # 101-4, at 210-15.) Ms. Lewis testified to observing Defendant deal crack cocaine on a daily basis for months. Id. at 215-226. Defense counsel cross-examined Ms. Lewis on the termination of her relationship with Defendant and her expectation for immunity from federal prosecution based on her testimony. Id. at 226-231. The transcript of her testimony contains no hint that investigating agents influenced her statements in any respect.

Motions under 28 U.S.C. § 2255 "will not be allowed to do service for an appeal." Sunal v. Large, 332 U.S. 174, 178 (1947). An appeal is a direct attack on a conviction; a § 2255 motion is a collateral attack on the conviction or sentence. Based on this

well-established principle, nonconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings.  <u>Stone v. Powell</u>, 428 U.S. 465, 478 n.10 (1976).  The Fourth Circuit held, in <u>United States v. Mikalajunas</u>, 186 F.3d 490, 492-93 (4th Cir. 1999), that "[i]n order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack."

To raise constitutionally-based grounds for relief in a § 2255 motion, a defendant has a "significantly higher hurdle than would exist on direct appeal." <u>United States v. Frady</u>, 456 U.S. 152, 166 (1982).  He must meet the two-part "cause and actual prejudice" test.  <u>Id.</u> at 167-68.

> To obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) "cause" excusing his double procedural default, and (2) "actual prejudice" resulting from the errors of which he complains.

<u>Id.</u> at 168.  If the defendant fails to meet the actual prejudice prong of the test, it is not necessary to address "cause."  <u>Id.</u> Cause for a procedural default can arise only from "something external to the defense," such as the novelty of the claim or ineffective assistance of counsel.  <u>Mikalajunas</u>, 186 F.3d at 493.

7

Defendant does not attempt to argue that he has met the "cause and actual prejudice" test nor has he responded to the government's argument in reliance on that test. Accordingly, after careful review of Defendant's § 2255 Motion, the undersigned proposes that the presiding District Judge **FIND** that Defendant is not entitled to a review of his first and third grounds for relief because they are defaulted without excuse.

Second Ground for Relief

The United States contends that "[w]ith respect to claim 2 (Sixth Amendment) of defendant's motion, it appears that he is simply raising again the precise issue contended on direct appeal and resolved against him, and therefore that claim is barred." (# 144, at 5.)

The Fourth Circuit ordered supplemental briefing of Defendant's case in light of United States v. Booker, and United States v. Fanfan, 543 U.S. 220 (2005). In Defendant's supplemental brief, his attorney phrased the issue presented thus: "Whether, in light of United States v. Booker, and United States v. Fanfan, S. Ct., 2005 WL 50108 (2005), the District Court committed constitutional or harmful error in sentencing the Appellant under the-then-mandatory federal sentencing guidelines and in failing to consider the sentencing factors under 18 U.S.C. § 3553(a)?" Supplemental Brief of Appellant, 2005 WL 882141 *1. Based on those Supreme Court decisions, Defendant advanced the following issue:

8

> Specifically, under Booker/Fanfan the conviction below established a maximum authorized sentence of 5-40 years on Count One, 5 years to Life on Count Two (consecutive), and up to 10 years on Count Three, and the District Court had authority to sentence anywhere in those ranges limited only by the advisory nature of the guidelines and an as-yet-undetermined "reasonableness" standard.
>
>                   * * *
>
> A new sentencing hearing is, therefore, necessary to render a sentence under a constitutional scheme. The Appellant must receive a sentence that: 1) is constitutional, 2) is reasonable, 3) gives effect to the parsimony provision of 18 U.S.C. § 3553(a) that the Appellant receive a sentence that is "not greater than necessary," 4) takes into account all the additional § 3553(a) factors outlined above, and 5) to the extent applicable, allows the District Court to express an opinion on Blakely sentence enhancements in a post-Booker environment.
>
> The Appellant wants to be sentenced as an individual. * * *

Id. *10.

The United States responded, writing that "in the interest of judicial economy it does not oppose defendant's request that his sentence be vacated and that his case be remanded for resentencing in accordance with Booker and [United States v.] Hughes, [401 F.3d 540 (4th Cir. 2005)].

The Fourth Circuit simply recited Defendant's argument that his sentence be vacated in light of Hughes, and remanded the case for resentencing. Minter, 2005 WL 2172040 *3.

It is apparent that Defendant's second ground for relief was not raised on appeal, nor could it have been, because his current sentence was imposed after remand. Defendant's failure to appeal

his current sentence implicates the same principles of default and waiver discussed above with respect to his first and third grounds for relief.  The undersigned proposes that the presiding District Judge **FIND** that Defendant is not entitled to review of his second ground for relief because it has been defaulted without excuse.

Fourth Ground for Relief

In United States v. Peak, the United States Court of Appeals for the Fourth Circuit held that "a criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." 992 F.2d 39, 42 (4th Cir. 1993).  The appropriate remedy in such a case involves vacating the original Judgment Order and re-entering it, to restore the movant's right to appeal.

The Supreme Court of the United States modified this rule somewhat in Roe v. Flores-Ortega, 528 U.S. 470 (2000).  In that case the Court held:

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. * * *
>
> [W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to

10

an appeal. * * *

We similarly conclude here that it is unfair to *require* an indigent perhaps *pro se*, defendant to demonstrate that his hypothetical appeal might have had merit before any advocate has ever reviewed the record in his case in search of potentially meritorious grounds for appeal. Rather, we require the defendant to demonstrate that, but for counsel's deficient conduct, he would have appealed.

528 U.S. at 480, 486. [Emphasis in original.]  The Fourth Circuit followed the <u>Flores-Ortega</u> holding in <u>United States v. Witherspoon</u>, 231 F.3d 923 (4th Cir. 2000).  In <u>Miller v. United States</u>, 150 F. Supp.2d 871, 880 (E.D.N.C. 2001), the court interpreted <u>Witherspoon</u> to "strongly suggest[] that advice about appeal should be given after sentencing."

Defendant's claim acknowledges that his attorney discussed with him his right to a direct appeal and advised him not to appeal.  Defendant took that advice and now apparently regrets that decision, and asserts that he received "terrible" advice.  (# 133, at 7.)  The undersigned proposes that the presiding District Judge **FIND** that Defendant was not denied effective assistance of counsel because there is no indication that he requested that an appeal be taken.

For the foregoing reasons, it is respectfully **RECOMMENDED** that the presiding District Judge deny Defendant's § 2255 Motion.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge.

11

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de</u> <u>novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties and Judge Chambers.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Movant, who

(according to the Bureau of Prisons website) is currently housed at USP Lewisburg, to mail a copy to Robert Minter, Sr. at 102 Athens Avenue, Charleston, WV 25306, and to transmit it to counsel of record.

August 25, 2010
    Date

Mary E. Stanley
Mary E. Stanley
United States Magistrate Judge